# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:21-cr-00054-AGF |
| ) | |
| ANTONIO DIXSON, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO STRIKE THE GOVERNMENT'S PROPOSED "EXPERT WITNESS" TFO LANHAM, OR IN THE ALTERNATIVE FOR A *DAUBERT* HEARING, AND FOR RELATED MISCELLAENOUS RELIEF SOUGHT IN LIMINE**

COMES NOW Defendant, by and through his undersigned counsel, and for and in support of his motion related to the government's nomination of TFO Lanham (D.E.A.) to perform as a testifying as an expert in this case, states as follows:

1. The government has given notice that it intends to call S.A. Eric Lanham (D.E.A.) to testify as an expert witness at the trial of this matter.

2. Defendant, through his prior counsel, filed a motion in limine challenging the Government's use of this type of expert in R. Doc. 252 (government response at R. Doc. 260). That motion was a generic objection to the use of "drug profile" testimony by expert witnesses. This supplemental motion is a specific objection to (i) deficiencies in the government's 16(a) notice; (ii) the witness's qualification to testify as an expert in this matter; and (iii) to one of the categories of opinions proposed by the government.

- **The government has failed to comply with Federal Rule of Criminal Procedure 16(a)(1)(G)(iii) and the witness must be barred from testifying.**

3.  The government's endorsement states that "TFO Lanham's testimony *may include opinions related to:*" six bullet-pointed topics relating to drug trafficking practices, to wit:

    - Drug distribution practices, including practices used for mixing, preparing, packaging, and selling controlled substances;
    - Drug use practices, including practices used for buying and using controlled substances;
    - Classification of drugs as stimulants, depressants, and hallucinogens, including opinions related to whether drug users typically use multiple classes of controlled substances;
    - Valuation of controlled substances;
    - Practices relating to carrying weapons in relation to drug trafficking crimes;
    - Presence of cash and phones in relation to drug trafficking crimes.

4.  Federal Rule of Criminal Procedure 16(a)(1)(G)(iii) requires that, "[t]he disclosure for each expert witness must contain: a complete statement of all opinions that the government will elicit from the witness in its case- in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C); the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

5. Stating that a purported expert's testimony *may* include topics in certain generic topics is insufficient under the rule which requires a **complete** disclosure of "ALL opinions that the government WILL elicit from the witness." (Emphasis added).

6. Rule 16 was amended in 2022 to prevent exactly this type of generic disclosure. "The [2022] amendment addresses two shortcomings of the prior provisions on expert witness disclosure: the lack of adequate specificity regarding what information must be disclosed, and the lack of an enforceable deadline for disclosure. The amendment clarifies the scope and timing of the parties' obligations to disclose expert testimony they intend to present at trial. It is intended to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." See Rule 16 Notes of Advisory Committee on Rules—2022 Amendment.

7. "To ensure that parties receive adequate information about the content of the witness's testimony and potential impeachment, items (a)(1)(G)(i) and (iii)—and the parallel provisions in (b)(1)(C)(i) and (iii)—delete the phrase "written summary" and substitute specific requirements that the parties provide "a complete statement" of the witness's opinions, the bases and reasons for those opinions, the witness's qualifications, and a list of other cases in which the witness has testified in the past 4 years."

8. The government has failed to comply with Federal Rule of Criminal Procedure 16(a)(1)(G)(iii) and TFO Lanham should be excluded as a Rule 702 witness in this case.

- **Request for a *Daubert* Hearing**

9. In the event this witness is not stricken and barred from testifying due to the above referenced failures and deficiencies in notice under Rule 16, defense counsel asserts that this witness is uniquely unqualified to offer an "expert opinion" in this matter.

10. To be clear, this is not a challenge to the ability of the government to offer expert testimony on drug distribution as a topic, it is a challenge to this witness, who does not qualify as an expert witness under Federal Rule of Evidence 702 and who should be barred from participating in this trial in such a capacity.

11. Defendant requests a *Daubert* hearing at which, as the proponent of the witness, the Government should be required to prove TFO Lanham's qualifications to serve as a Rule 702 expert by a preponderance of the evidence. See F.R.E. 702.

- **Violation of Federal Rule of Evidence 704**

12. In the event this witness is not stricken and barred from testifying due to the above referenced failures and deficiencies in notice under Rule 16, the government's endorsement also offers that, "TFO Lanham's opinion is that Antonio Dixson was possessing controlled substances with the intent to distribute them when he was arrested on December 1, 2020, and February 25, 2021."

13. Federal Rule of Evidence 704(b) provides that, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Such testimony, because it specifically comments on the presence or absence of an element of the crime charged, is too conclusory to be helpful to a jury. *United States v. Gipson*, 862 F.2d 714, 716 (8th Cir. 1988).

14. While a "drug distribution" expert might offer opinions that generic behavior or particular quantities of drugs are consistent with either personal use or distribution, he cannot

offer an ultimate conclusion that the Defendant *intended* to distribute narcotics. See *United States v. Cowley*, 34 F.4th 636 at 639-640 (8th Cir. 2022).[1]

15. A government witness offering the opinion that the defendant had the "intent" to distribute" narcotics infringes upon the jury's role in determining his mental state.

16. To the extent this witness is allowed to testify at all, Defendant seeks to have that "opinion" struck from the endorsement as violative of F.R.E. 704(b) and asks that the government be counseled not to seek such an opinion from this witness at trial and that the witness be similarly counseled not to volunteer it.

WHEREFORE, Defendant requests:

a. That the Government's January 11, 2024, expert witness disclosure be stricken as not complaint with Rule 16 and that this witness be prohibited from testifying at the trial of this matter;

b. That if this witness is not stricken due to deficiencies in notice, the Court conduct a *Daubert* hearing to determine whether the government has established his qualifications to testify as an expert under Rule 702 such that would allow him to offer opinions at trial; and

c. If the Court ultimately allows this individual to testify in the capacity of a Rule 702 expert, that the government and its witness be prohibited from offering an ultimate opinion on whether the defendant had "an intent to distribute;"

---

[1] We agree with [defendant] that [expert] offered an opinion about [defendant's] intent and that it was an error under Rule 704(b) to admit that portion of [expert's] testimony. *Cowley* at 639-640.

and for such further relief as the Court may deem just and proper in the premises.

                Respectfully submitted,

                NEWTON BARTH, L.L.P

By:    */s/ Talmage E. Newton IV*
       Talmage E. Newton IV, MO56647
       talmage@newtonbarth.com
       555 Washington Ave., Ste. 420
       St. Louis, Missouri 63101
       (314) 272-4490 – Office
       (314) 762-6710 – Facsimile

       *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically served on all parties of record and filed with the court via the court's e-filing System on this 29th day of May, 2024.

       */s/ Talmage E. Newton IV*