UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CR-00054-AGF ) |
| ANTONIO DIXSON, | ) ) |
| Defendant. | ) ) |

**THE UNITED STATES OF AMERICA'S
MOTION TO CONTINUE TRIAL SETTING AND FOR SPEEDY TRIAL ACT RULING**

The United States of America, by and through its Attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jason S. Dunkel, Assistant United States Attorney for the said District, moves this Court to continue the trial setting from January 27, 2025, to February 18, 2025.

On January 13, 2025, Defendant Antonio Dixson filed a Motion to Continue the January 27, 2025, trial setting. Doc. #306. He argued a continuance was necessary because his legal work had been lost when the U.S. Marshals Service transferred him to a new facility. *Id.* The United States did not oppose Defendant's motion because one of its essential witnesses was scheduled for surgery the week of January 13, 2025. *Id.*, ¶ 8.

Based on new information from the Government's witness, the Government joins Dixson and moves for a continuance in the trial date due to the unavailability of an essential witness and because a brief continuance serves the ends of justice. The Government remains ready to proceed to trial on February 18, 2025, and all essential witnesses would be available for trial that week.

The Government witness is an essential witness. He was one of the two officers who searched Dixson on the date of his Wentzville arrest and seized numerous items of contraband

from Dixson. His testimony is critical for the Government to meet its burden of proving Dixson possessed one of the two firearms and half of the controlled substances found in the search. Further, Dixson has exercised his right to put the government to its proof and has refused all evidentiary stipulations, so the testimony of the officer is critical for the admission of the contraband.

This witness underwent abdominal surgery the week of January 13, 2025. He is currently at home recovering from the surgery and, as of January 22, 2025, remains homebound. He is next scheduled to see his doctor for evaluation on January 28, 2025, which would be the second day of trial in its current setting. Based on his current state of recovery, he does not anticipate being able to travel or sit upright for long periods of time.

The Government moves for a brief continuance in the trial setting to February 18, 2025, so that all witnesses will be available to testify. Furthermore, the Government moves this Court to find that the 22-day delay caused by this continuance be excluded from the time allowed under the Speedy Trial Act. 18 U.S.C. § 3161. Delays resulting from the unavailability of an essential witness are excludable under the Act. 18 U.S.C. § 3161(h)(3)(A). Additionally, this continuance would serve the ends of justice because the best interest of the public is served by allowing this case to proceed to trial on its complete evidence rather than forcing a trial to go forward when a necessary witness is unavailable. 18 U.S.C. § 3161(h)(7)(A). Dixson would not be prejudiced by this delay as he seeks a continuance in the trial date as well. Doc. #306.

Dixson, through counsel, does not object to this continuance.

        Respectfully submitted,

        SAYLER A. FLEMING
        United States Attorney

        */s/ Jason S. Dunkel*
        JASON DUNKEL, #65886(MO)
        Assistant United States Attorney
        111 South Tenth Street, 20th Floor
        Saint Louis, Missouri 63102
        Jason.Dunkel@usdoj.gov
        Telephone: (314) 539-2200
        Facsimile: (314) 539-3887

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

All Attorneys of Record.

        */s/ Jason S. Dunkel*
        JASON S. DUNKEL, #65886(MO)
        Assistant United States Attorney